# Tinkum *versus* Duncan.

I. A promise by a guarantor, after the failure of his principal to pay the debt, is an admission that there has been no such want of diligence as is prejudicial to his interests.

Error to the Court of Common Pleas of *Indiana county*.

In March, 1849, an execution was issued upon this judgment, when M'Clelland & Co. appeared, and claimed and obtained a *supersedeas* of the writ and a stay of execution, upon the allegation of their being freeholders, whereas, in point of fact, as it is admitted, there were judgments at that time existing as liens upon their real estate. On the 16th of July, 1849, they made a general assignment for the benefit of their creditors; and it was shown that, during all the time, from the rendering of the said judgment, until the time of the assignment, they had property amply sufficient to have paid this note. The defendant in error further proved, by William Duncan, his brother, that sometime after the issuing of the aforesaid execution, he called upon plaintiff in error, and demanded the payment of the amount of the note. The plaintiff in error requested that he should not be sued for the money, and said that he would pay it soon. William Duncan does not appear to have made any agreement with him not to sue, or to have had any authority to do so, or to have communicated the offer of the plaintiff in error to his brother; but the record shows that this action was not commenced until 1853. The court below held, upon these facts, that there was *laches* upon the part of the defendant in error, sufficient to discharge Tinkum from all obligation upon his guaranty; that his subsequent promise to pay, being without consideration, was a nullity; but that it amounted to an *admission* by Tinkum, that he was liable on his guaranty, and to a *waiver* of the consequences of the defendant in error's delay in collecting the note; and that therefore Duncan was entitled to recover in this suit.

The court, Burrell, P., charged the jury as follows:

"This suit is brought upon an alleged guaranty of a note on H. P. M'Clelland & Co., assigned or passed over by defendant to plaintiff, in payment for a horse. The jury will first determine whether there was a guaranty. If not, the plaintiff fails. If there was, then the defendant is bound to make it good, unless, as he alleges, he is released by plaintiff's delay to collect the note, beyond a reasonable time, by which the debt was lost. Plaintiff sued on the note on the 9th, and got judgment on the

[Tinkum *v.* Duncan.]

16th December, 1848, and issued his execution on the 13th March following, which was superseded by the justice, he having granted M'Clelland & Co. the freehold stay of execution.   The defendant contends they were not entitled to such stay, as would appear to be true, but the plaintiff replies to this that the action of the justice was conclusive; that his decision became *res adjudicatus,* for which, if wrong, he is in no way responsible.   But, suppose this to be true, there was the delay to issue execution from 16th December until 13th March; and this delay is not accounted for, nor is there anything to show that, during this time, the money could not have been made.   But the plaintiff contends, that after M'Clelland & Co. had become insolvent in 1849, the defendant promised plaintiff's agent to pay it soon, requesting that he would not sue him for it.   Defendant says the promise was without consideration.   If plaintiff delayed to sue defendant, at his request, from 1849 until 1853, this might be a good consideration; but the promise is not shown to have been communicated to plaintiff, and therefore the jury cannot say that he forebore upon that ground, or for some other reason.

"But plaintiff contends that this promise of defendant was an admission of his liability on his guaranty, and amounted to a waiver of any delay, on part of plaintiff, in suing M'Clelland & Co., and we incline to that opinion.   If therefore the jury is satisfied the promise was made, the plaintiff should recover."

Which charge was assigned for error.

*Drum,* for plaintiff in error, contended that M'Clelland & Co. were not entitled to a stay of execution; and the fact that plaintiff tacitly consented to the stay, amounted to negligence, and a waiver of his right to recover of defendant; and referred to *Cleppinger* v. *Creps,* 2 Watts, 45.

" Where a plea of freehold for stay of execution is entered by a defendant, the plaintiff may issue execution, but at his peril." *Marseilles* v. *Garrigues,* 2 Miles, 347.

The promise of Tinkum to William Duncan to pay was a nullity; if a promise at all, it was conditional, and the condition never accepted.   Story on Bills, 366.

" A moral consideration is available, for an express promise, in those cases only where a prior legal obligation has existed." *Cook* v. *Bradley,* 7 Conn. R. 57; *Littlefield* v. *Shee,* 2 B. & Ad. 811; Eng. C. L. 187; Chitty on Cont. 47; Chitty on Bills, 280; *Borodaile* v. *Lowe,* 4 Taunt. 93.

*Banks,* for defendant in error, referred to Chit. on Bills, 301, 303, 304; *Peirson* v. *Hooker,* 3 Johns. 68–71; *Hopkins* v. *Liswell,* 12 Mass. 52.

The opinion was delivered

PER CURIAM.—The court charged, that where a guarantor, after the failure of the principal, promises to pay the debt, this is an admission of his liability, and a waiver of any delay by the creditor, and entitles the creditor to recover.

This is substantially correct, as the case of *Barclay* v. *Weaver*, 19 State R. 396, shows. The principle is, that the diligence required of the creditor is not part of the contract, but a duty imposed by the law on such a relation; and the promise by the guarantor, is an admission that there has been no such want of diligence as is prejudicial to his interests. The requisition of diligence is imposed for the benefit of the guarantor, and of course he may waive it, or bind himself by admitting its fulfilment.

Judgment affirmed.